# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

JAMES FARMER,

       **Plaintiff,**

    *vs.*

CAROLYN W. COLVIN, Commissioner of
Social Security,

       **Defendant.**

**CAUSE NO.  1:14-cv-1584-SEB-DKL**

## REPORT AND RECOMMENDATION

Plaintiff James Farmer brought this suit for judicial review of the defendant

Commissioner's denial of his application for disability-insurance benefits under the

Social Security Act for a disability that he alleges began in June, 2002.  The issues

presented were referred to this magistrate judge for submission of a report and

recommended disposition, under 28 U.S.C. § 636(b)(1)(B).  *Order Referring Issues to*

*Magistrate Judge* [doc. 14].

### Standards

Judicial review of the Commissioner's factual findings is deferential:  courts must

affirm if her findings are supported by substantial evidence in the record.  42 U.S.C. ▪

405(g); *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004); *Gudgel v. Barnhart*, 345 F.3d

467, 470 (7th Cir. 2003).  Substantial evidence is more than a scintilla, but less than a

preponderance, of the evidence.  *Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001).  If

the evidence is sufficient for a reasonable person to conclude that it adequately supports

the Commissioner's decision, then it is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Carradine v. Barnhart*, 360 F.3d 751, 758 (7th Cir. 2004). This limited scope of judicial review derives from the principle that Congress has designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ [administrative law judge], we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may we reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). *Carradine*, 360 F.3d at 758. While review of the Commissioner's factual findings is deferential, review of her legal conclusions is *de novo*. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. ▪ 416.905(a). A person will be determined to be disabled only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B). 20 C.F.R. §§ 404.1505, 404.1566, 416.905, and 416.966.  The combined effect of all of an applicant's impairments shall be considered throughout the disability determination process. 42 U.S.C. ▪§ 423(d)(2)(B) and 1382c(a)(3)(G).  20 C.F.R. §§ 404.1523 and 416.923.

The Social Security Administration has implemented these statutory standards in part by prescribing a "five-step sequential evaluation process" for determining disability. If disability status can be determined at any step in the sequence, an application will not be reviewed further.  At the first step, if the applicant is currently engaged in substantial gainful activity, then he is not disabled.  At the second step, if the applicant's impairments are not severe, then he is not disabled.  A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."  Third, if the applicant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions included in the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, Part A, then the applicant is deemed disabled.  The Listing of Impairments are medical conditions defined by criteria that the Social Security Administration has pre-determined are disabling. 20 C.F.R. ▪ 404.1525.  If the applicant's impairments do not satisfy the criteria of a listing, then her residual functional capacity

3

("RFC") will be determined for the purposes of the next two steps.  RFC is an applicant's

ability to do work on a regular and continuing basis despite his impairment-related

physical and mental limitations and is categorized as sedentary, light, medium, or heavy,

together with any additional non-exertional restrictions.  At the fourth step, if the

applicant has the RFC to perform his past relevant work, then he is not disabled.  Fifth,

considering the applicant's age, work experience, and education (which are not

considered at step four), and his RFC, the Commissioner determines if he can perform

any other work that exists in significant numbers in the national economy.  42 U.S.C. ▪

416.920(a)

The burden rests on the applicant to prove satisfaction of steps one through four.

The burden then shifts to the Commissioner at step five to establish that there are jobs

that the applicant can perform in the national economy.  *Young v. Barnhart*, 362 F.3d 995,

1000 (7th Cir. 2004).  If an applicant has only exertional limitations that allow her to

perform the full range of work at her assigned RFC level, then the Medical-Vocational

Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "grids"),  may be used at step

five to arrive at a disability determination.  The grids are tables that correlate an

applicant's age, work experience, education, and RFC with predetermined findings of

disabled or not-disabled.  If an applicant has non-exertional limitations or exertional

limitations that limit the full range of employment opportunities at his assigned work

level, then the grids may not be used to determine disability at that level.  Instead, a

vocational expert must testify regarding the numbers of jobs existing in the economy for a person with the applicant's particular vocational and medical characteristics. *Lee v. Sullivan*, 988 F.2d 789, 793 (7th Cir. 1993). The grids result, however, may be used as an advisory guideline in such cases.

An application for benefits, together with any evidence submitted by the applicant and obtained by the agency, undergoes initial review by a state-agency disability examiner and a physician or other medical specialist. If the application is denied, the applicant may request reconsideration review, which is conducted by different disability and medical experts. If denied again, the applicant may request a hearing before an administrative law judge ("ALJ").[1] An applicant who is dissatisfied with the decision of the ALJ may request the SSA's Appeals Council to review the decision. If the Appeals Council either affirms or declines to review the decision, then the applicant may file an action in district court for judicial review. 42 U.S.C. ▪ 405(g). If the Appeals Council declines to review a decision, then the decision of the ALJ becomes the final decision of the Commissioner for judicial review.

---

[1] By agreement with the Social Security Administration, initial and reconsideration reviews in Indiana are performed by an agency of state government, the Disability Determination Bureau, a division of the Indiana Family and Social Services Administration. 20 C.F.R. Part 404, Subpart Q (▪ 404.1601, *et seq.*). Hearings before ALJs and subsequent proceedings are conducted by personnel of the federal Social Security Administration.

**Background**

Mr. Farmer applied for disability-insurance benefits in August 2011. His application was denied on initial and reconsideration reviews. A hearing before an ALJ was held in March 2013, at which Mr. Farmer, two medical experts, and a vocational expert testified. The ALJ denied Mr. Farmer's application in April 2013.

Because the ALJ found that Mr. Farmer last met the insured-status requirements of the Act on March 31, 2007 (over four years before he filed his application), the relevant time period for determining his eligibility for benefits was between June 30, 2002, his alleged onset date, and March 31, 2007. At step one of the sequential evaluation process, the ALJ found that Mr. Farmer had not engaged in substantial gainful activity during that period. At step two, he found that Mr. Farmer had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the bilateral shoulders and bilateral knees, carpal tunnel syndrome, sleep apnea, obesity, depression, and attention deficit disorder. At step three, the ALJ found that Mr. Farmer's impairments, severe and non-severe, singly and in combination, do not meet or medically equal any of the listing of impairments. He specifically evaluated listings 1.02 (for Mr. Farmer's degenerative joint disease); 1.04 (degenerative disc disease); 3.09, 2.10, and 12.02 (sleep apnea); 11.14 (peripheral neuropathies anc carpal tunnel syndrome); 1.00Q, 3.00I, and 4.00F (obesity); and 12.02 and 12.04 (mental impairments).

For the purposes of steps four and five, the ALJ determined Mr. Farmer's residual functional capacity.  He found that Mr. Farmer had the RFC to perform less than the full range of light work due to additional exertional and postural restrictions.  He also found that Mr. Farmer could perform only simple and routine tasks, have only occasional contact with coworkers and peers, and perform only work that is regular in expectations.

At step four, the ALJ found that this RFC prevented the performance of any of Mr. Farmer's past relevant work.  At step five, relying on the testimony of the vocational expert, the ALJ found that, through the date Mr. Farmer was last insured, there exists a significant number of jobs in the economy that he could perform.

The ALJ issued his decision on April 17, 2013.  Mr. Farmer sought review by the Commissioner's Appeals Council on April 23, 2013.  On May 20, 2013, the Appeals Council granted Mr. Farmer's request for more time before it acted on his request for review. (R. 28.)  Between May and July 2013, Mr. Farmer (by his counsel and/or his wife, (R. 276)) submitted additional evidence to the Appeals Council[2] and his counsel submitted a brief, (R. 293).  On August 25, 2014, the Appeals Council denied Mr. Farmer's request to review the ALJ's decision.  (R. 10.)  The Appeals Council's notice states that it

---

[2] Most of the additional evidence was added to the record.  The non-medical evidence is Exhibits 9E through 16E, (R. 276-334), and the medical evidence is Exhibits 18F through 30F, (R. 591-794).  These exhibits also constitute Exhibits AC[Appeals Council]-1 through AC-20.  [Doc. 12-1, pp. 2, 3 (Court Transcript Index).]  Some of the evidence, although addressed by the Appeals Council, was not added to the administrative record.

"found no reason under our rules to review the Administrative Law Judge's decision."

(R. 10.)  After articulating its review of the post-decision evidence in the administrative

record, the Appeals Council wrote:  "We found that this information does not provide a

basis for changing the Administrative Law Judge's decision."  (R. 11.)[3]  The Appeals

Council also addressed two categories of additional evidence that was not added to the

administrative record:  it found that two sets of medical records were not "new" because

they were duplicates of exhibits already in the record, (R. 11, ¶ 2), and it found that six

sets of medical records referred to a time period after the expiration of Mr. Farmer's

insured status and, therefore, did not affect the ALJ's decision, (*id.*, ¶ 4).  Six days later,

the Appeals Council vacated its previous decision in order "to consider additional

information":  a July 10, 2014 letter from Mr. Farmer's wife with attached PTSD journal

and a June 19, 2014, Department of Veterans Affairs rating decision.  (R. 1, 2.)  The Council

reached the same decision as its initial decision, which rendered the ALJ's decision the

final decision of the Commissioner on Mr. Farmer's claim and the one that the Court

reviews.

## Discussion

Mr. Farmer makes only one argument:  the ALJ reasonably could not have relied

on the opinions of the medical experts who testified at the hearing — a physician who is

---

[3] The Appeals Council's notice does not list Exhibit 25F as one of the items of additional evidence considered.

board-certified in internal medicine and a forensic psychologist — because they did not

have an opportunity to review the additional evidence that was submitted to the Appeals

Council after the ALJ's decision was issue and "[t]hese additional records would likely

have altered [the experts'] ultimate findings."  (*Memorandum of Plaintiff* [doc. 18], at 24.)

Mr. Farmer contends that the additional records "consisted of findings by Mr. Farmer's

treating physicians and diagnostic test results that would have influenced the medical

experts at the hearing."  (*Id.*, at 25.)  Therefore, he argues, the medical experts' opinions,

and, consequentially, the ALJ's decision, are not supported by substantial evidence and

the Commissioner's denial should be reversed and his claim remanded for the payment

of benefits.  (*Id.*, at 29.)  Mr. Farmer asserts no other error in the ALJ's decision and he

asserts no error in the Appeals Council's decision to deny review based on his later-

submitted evidence.

　　　Because the additional evidence was not before the ALJ, it cannot be considered

on judicial review, except for the purpose of a remand to the Commissioner for

consideration of new evidence:

> The  Court may . . . at any time order additional evidence to be taken before
> the Commissioner of Social Security, but only upon a showing that there is
> new evidence which is material and that there is good cause for the failure
> to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g) (sixth sentence).  *Damato v. Sullivan*, 945 F.2d 982 (7th Cir. 1991).  In his

opening brief, Mr. Farmer argues only the materiality of the additional evidence.  He does

not attempt any showing that the evidence is new or that there was good cause for his

failure to submit it before the ALJ.  Mr. Farmer did not reply to the Commissioner's response pointing out the lack of the required showings.  Because Mr. Farmer does not request a sentence-six remand and does not make the required showings, the Court will not order a remand.

On its own review, advised by the Commissioner, the Court notes that all but one of the additional medical exhibits[4] in the record was generated during the period before Mr. Farmer's benefits expired; thus, the evidence is not new and there has been no showing of good cause for not submitting it earlier.  The only other additional medical exhibit in the record, Exhibit 26F is a report created by Mr. Farmer's primary-care physician in June 2013, that summarizes Mr. Farmer's conditions, her treatments, and her opinions of his functional abilities.  While it is a new report, in the sense that it was generated after the ALJ's decision, there has been showing of good cause for Mr. Farmer not obtaining the report earlier and submitting it to the ALJ.

Of the additional non-medical evidence that is part of the record (Exhibits 9E through 16E (R. 276-334)), Mr. Farmer has not shown its materiality or good cause for not obtaining and submitting it before the ALJ.

Regarding the additional medical evidence that is not part of the record, the Appeals Council found that two were duplicates of Exhibits 4F and 17F, (R. 2, 11), and

---

[4] Exhibits 19F through 25F, Exhibits 27F through 30F.

that the rest related to the period after Mr. Farmer's insured status had expired, rendering it irrelevant, (*id*).  Because these exhibits are not part of the administrative record, the Court cannot independently review them, but Mr. Farmer also, again, does not make any showing of materiality or good cause for not obtaining them sooner and submitting them before the ALJ.

Because the additional evidence that the testifying medical experts did not review was not part of the record at the time of their testimony or the ALJ's decision, Mr. Farmer has not shown that the ALJ's reliance on the experts' opinions was erroneous and, therefore, that the ALJ's decision on Mr. Farmer's claim was not supported by substantial evidence.  Because Mr. Farmer has not shown that this later-submitted evidence was new and material, and that there was good cause for his not submitting it before the decision, he has failed to show grounds for a remand to the Commissioner for its consideration under the sixth sentence of 42 U.S.C. § 405(g).

## Conclusion

Judgment should enter in favor of the Commissioner, affirming her denial of Plaintiff's claim for disability benefits.

## Notice regarding objections

Within fourteen days after being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. ▪ 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions

11

of the recommendation to which objections are made. 28 U.S.C. ▪ 636(b); Fed. R. Civ. P.

72(b)(3).  Failure to file an objection might result in forfeiture of the right to de novo

determination by a district judge and to review by the court of appeals of any portion of

the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d

629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir.

2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger*

*v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739

(7th Cir. 1999).

**SO ORDERED this date:**  02/03/2016

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.